UNITED STATES of America,
Plaintiff–Appellee, Cross–
Appellant,

v.

Paul BLAZEVICH,[1] Defendant–
Appellant, Cross–Appellee.

No. 00–50327, 00–50384.
D.C. No. CR–99–00471–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2002.

Decided Feb. 12, 2002.

---

1. Blazevich's motion under seal to withhold his name in this court's opinion is denied.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM[2]

Defendant Paul Blazevich appeals his conviction and sentence for transporting, shipping, and possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), 2252(a)(4)(B), and 2. The government cross-appealed Blazevich's sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. The facts in this case are well-known to the parties and will not be repeated here.

■ The district court correctly concluded that the warrant in this case was not unconstitutionally overbroad because it was impossible to describe with more specificity the items to be seized *United States v. Hay,* 231 F.3d 630, 637–38 (9th Cir. 2000); *United States v. Lacy,* 119 F.3d 742, 746–47 (9th Cir.1997). As the district court observed, the government suspected Blazevich possessed a large number of images, the government did not know where the images were stored, and the government represented that significant amounts of time and expertise, and a controlled environment, would be necessary to properly analyze the evidence seized.

■ The district court also correctly denied Blazevich's motion to suppress evidence seized during the search. The Customs Agents had probable cause to search the safe. No statements or other evidence gathered as a result of Customs Agents' conduct toward Blazevich and his stepdaughter were used at trial. The undeveloped roll of film seized by the Customs Agents was within the scope of the warrant, and, even if the Agents did seize other items outside the scope of the warrant, Blazevich did not allege that any of these items were used against him at trial. Although the Customs Agents did technically violate Rule 41(d) because they failed to leave a receipt immediately following the search, this error was not prejudicial because there is no indication that the Customs Agents "would not have carried out the search and seizure had they been required to follow" the receipt provision in Rule 41(d), and because the Agents provided Blazevich with a receipt shortly thereafter. *United States v. Motz,* 936 F.2d 1021, 1025 (9th Cir.1991) (citations omitted). *Cf.*

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*United States v. Gantt,* 194 F.3d 987, 1001 (9th Cir.1999) (evidence suppressed when officers did not provide the suspect with a copy of the *search warrant*).

The district court did not abuse its discretion when it admitted evidence by a British detective who testified at trial about items seized during searches that he supervised but did not participate in. Moreover, any error in admitting the British detective's testimony was harmless because more than enough inculpatory evidence was seized from Blazevich's home and during searches in Italy to support his convictions. *United States v. Echavarria–Olarte,* 904 F.2d 1391, 1398 (9th Cir.1990).

■ Blazevich's convictions for images produced before 18 U.S.C. § 2252 was enacted do not violate the Ex Post Facto Clause because *his* criminal conduct occurred *after* the enactment of Section 2252. Similarly, the district court's application of the Sentencing Guidelines to counts based on the possession and transport of images created before the enactment of the Guidelines does not violate the Ex Post Facto Clause because Blazevich possessed and transported these images *after* the Guidelines were enacted.

The district court's jury instructions did not improperly shift to Blazevich the burden of proving that the images he shipped, transported, and possessed were fictitious. Viewing the instructions "as a whole and ... in context of the entire trial," the jury would have understood the jury instructions to require the government to prove, beyond a reasonable doubt, that the depictions were real. *United States v. Warren,* 25 F.3d 890, 898 (9th Cir.1994).

The district court did not err when it declined to group counts 1–38 of the indictment. *United States v. Boos,* 127 F.3d 1207, 1209 (9th Cir.1997).

■ The district court did not abuse its discretion when it declined to hold an evi-dentiary hearing regarding a disputed fact in a declaration submitted by the government. An evidentiary hearing concerning a written declaration is not required at sentencing when the defendant is permitted to "rebut the recommendations and allegations of the presentence report either orally or through the submissions of written affidavits or briefs." *United States v. Stein,* 127 F.3d 777, 780–81 (9th Cir.1997). Because Blazevich was allowed to rebut the allegations in the declaration submitted by the government, and particularly in light of the fact that other evidence strongly supported the conclusions in the government's declaration, the district court did not abuse its discretion when it declined to hold an evidentiary hearing.

■ The district court did not clearly err when it declined to apply a five-level enhancement for "distribution" pursuant to U.S.S.G. § 2G2.2(b)(2). Although there was some evidence of distribution, we cannot say that the district court clearly erred in finding that the government did not prove, by clear and convincing evidence, that Blazevich's conduct was for pecuniary gain. *United States v. Laney,* 189 F.3d 954, 961 (9th Cir.1999).

■ The district court did not err when it concluded that the factual bases of the government's proposed sentencing enhancements must be proved by clear and convincing evidence. The government's enhancements, considered in the aggregate, would have "an extremely disproportionate effect on the sentence relevant to the offense of conviction." *United States v. Romero–Rendon,* 220 F.3d 1159, 1160 (9th Cir.2000) (citations omitted). *See also United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001) (considering combined impact of sentencing enhancements when deciding which standard of proof to apply); *United States v. Hopper,* 177 F.3d 824, 832–33 (9th Cir.1999) (same).

The district court did not abuse its discretion when it departed downward seven levels for a combination of circumstances, pursuant to U.S.S.G. § 5K2.0. In deciding whether to depart downward based on a combination of circumstances, there is "essentially no limit on the number of potential factors that may warrant departure," with the exception of those factors that the Sentencing Commission has proscribed. *Koon v. United States,* 518 U.S. 81, 106, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The district court offered several reasons for its decision to depart downward based on a combination of circumstances, none of which is forbidden by the Sentencing Guidelines.

Accordingly, Blazevich's conviction and sentence are AFFIRMED.